† THE T. AND O. C. RY. CO. v. J. W. WICKENDEN.

SPARK ARRESTS—INJURIES BY FIRE.

The statute passed in 1885 requiring a railroad company to place on its locomotives "some device or contrivance that will most effectually guard against the emission of fire and sparks" and excepting them from such requirement during the months of December, January and February, does not relieve such companies from the ordinary legal duty to observe proper care to avoid injuring the property of others by fire.

KING, J.

Submitted with this case was the *T. & O. C. Ry. Co.* v. *Wales*,

---

† Dismissed by Supreme Court for want of printed record, November 10, 1896.

which I have just decided. Wickenden was a tenant on Wales farm and lost some property at the same fire. It is claimed that the verdict and judgment is wrong, and for the same reasons I have already stated. I will say briefly that we do not find in this case that the verdict is not sustained by the evidence. We do not find there is any error in the charge of the court, which was excepted to by the plaintiff in error. We do not find that there was any error in the admission of testimony by either party, and shall affirm the judgment. But this should be said about it. In connection with this case and the other, a statute was referred to the court, and there was considerable discussion on this statute of 1885 that: "Every railroad company operating a railroad, or any portion of a railroad, wholly or partly within the State of Ohio, shall place, or cause to be placed, on every locomotive engine used in operating such railroads, or constructing or repairing the same, some device or contrivance that will most effectually guard against the emission of fire and sparks which would otherwise be thrown out by such engines. And such railroad companies shall keep such device or contrivance in good repair. Provided that such railroad companies shall not be required to use such devices during the months of December, January and February."

Now this fire occured in December. It has been urged to us in both the cases that the court submitted this case to the jury upon the theory that this statute had some controlling influence. But we do not find that this statute is referred to in either case. Then it is argued that the statute having provided a rule of conduct on the part of the railroad company, which it should exercise as to nine months in the year, that an exception as to that in the other three was granted. As I take it the argument claimed the company was not bound to use any protection in the other three excepted months. But we think this statute created an obligation stronger than the common law required, a particular kind of care by this company during the nine months that are mentioned, yet it excepted it from the exercise of that particular kind of care in three months of the year. But it did not except them from the exercise of that care and diligence which such companies are always held to in law, in so using their property, and with such care as not to injure and destroy that of their neighbors. We think these cases were properly submitted to the jury upon that theory.

Now in this case, practically the same evidence was admitted by way of rebuttal offered on the part of the plaintiff. But the difference is, no objection was made, no exception taken to the offer of that evidence, and so for that reason the plaintiff in error has not availed itself of that particular objection.

But, not objecting to it, the defendant proposed to reply to it, at least, that seemed to have been his notion. He offered a little evidence, and possibly evidence which would have a tendency to reply, within the definition I gave in the other case would have been competent. But the evidence which the defendant proposed to offer, we think did not tend to rebut the evidence which the plaintiff had given in his rebuttal. The defendant proposed to show, and called a witness and asked him a question, and stated that he proposed to show by the witness, that shortly prior to the time of the fire there had been a change made in the spark arrester in that engine by putting in a device such as was formerly described by him, and which was used at the time the fire occured, which was much more efficient for the purpose of arresting the sparks than this one that was in prior to that date.

That is all he offered to show by that witness. Then counsel said he had another witness he could show the same thing by, and that was all. Now, that would have been competent for the defendant to have offered in its defense, and as said in the Wales case, in relation to the plaintiff's testimony, he could not hold back a part of his evidence, confirmatory of his principal case, and then seek to put it in by way of pretended rebuttal. That particular evidence, that the defendant had put in a new spark arrester, did not tend to rebut any evidence which the plaintiff offered in his rebuttal. It was a new and independent fact. It was, in fact, evidence which would have been competent evidence to have given in making out the main defense, to wit, that shortly before this fire they had put in a spark arrester and it was in good condition, and kept in the same condition until the time of the fire. That would have been a complete defense if the testimony were believed by the jury.

That is the only point made in this case as to the admission of testimony. It is the only exception there is alleged that could be considered erroneous. And that is not erroneous because the fact which they sought to prove is not rebuttal.

So the judgment in this case will be affirmed.

Reasonable cause certified.

*Doyle, Scott & Lewis*, Attorneys for Plaintiff in Error.

*W. H. Tucker* and *E. E. Davis*, attorneys for Defendant in Error.